This is an action for actionable negligence brought by plaintiff against defendants. At March Term, 1930, the plaintiff recovered a judgment for $2,500 against the defendants. Motion was duly made by defendants, under C. S., 600, to set aside the judgment rendered at March Term, 1930. The court below found the following facts:
"This cause coming on to be heard on motion before Hon. A. M. Stack, judge presiding, at the February Term of the Superior Court of Moore County, and the court finding the following to be the facts:
1. That Jonah Cagle instituted an action for damages in the Superior Court of Moore County against the defendants, J.H. Williamson and Ira Cagle, who employed H. F. Seawell, Jr., an attorney at law at Carthage, N.C. to represent him in said action.
2. That the defendants employed B. S. Hurley, a practicing attorney at law of Troy, N.C. to represent their interest and to defend them in said action.
3. That the case was regularly calendared for trial at the March Term, 1930, of the Superior Court for Moore County, and that at said term the said case was duly calendared to be tried on Tuesday of the first week of court. On the day said case was calendared for trial, the defendants, with their counsel, B. S. Hurley, were in attendance at said court, and after examining the calendar, both the attorney for the plaintiff and the defendants agreed that the said case would not be reached for trial before the following Friday. In the meantime, negotiations were entered into between the attorneys for the plaintiff and the defendants to compromise said case, and on Thursday before the *Page 728 
case was to be called on Friday morning, one John M. Brittain came to Carthage for the purpose of effecting a compromise of the case and the plaintiff, through his counsel, H.F. Seawell, Jr., agreed to compromise the case in full for the sum of $400, and J. M. Brittain did not tender or offer to pay said amount, which offer of compromise the court finds as a fact was duly communicated to B. S. Hurley, attorney for the defendants, and he communicated the same to the defendants in this action immediately and the defendants instructed their attorney, B. S. Hurley, to accept the compromise made and have judgment rendered for the above amount.
That on Friday the defendants, through their counsel, B. S. Hurley, came to Carthage, N.C. for the purpose of compromising said case, but on account of the road having been closed between Carthage and Biscoe, N.C. the defendants' counsel, B. S. Hurley, was somewhat late in reaching the court, and after reaching Carthage, found that the case had been called for trial and judgment taken in the sum of $2,500 on Thursday before.
That he immediately called upon H.F. Seawell, Jr., and the said H.F. Seawell, Jr., agreed with the said B. S. Hurley that he would respect the agreement heretofore made and would cancel the judgment upon the payment of $400 previously agreed to between himself and John M. Brittain provided same was paid in sixty days.
4. That on 1 April the court finds as a fact that the said H.F. Seawell, Jr., notified the said B. S. Hurley, attorney for the defendants, that his client would refuse to confirm the compromise made by him of his case and would insist on the payment of the full amount of $2,500.
5. The court finds as a fact that the defendants were not negligent in the conduct of their defense in said action. That indeed if there was negligence, which is not apparent to the court, it was the negligence of their attorney and not of the defendants.
It is further found as a fact that after the motion had been regularly filed upon due notice to set aside the said judgment that $845 was collected on same and turned over to the plaintiff by execution.
It is therefore considered, adjudged and decreed that the said judgment and the same is in all respects set aside and canceled of record and that the case be restored to the civil issue docket for trial.
It is further ordered that the plaintiff, or whoever has the money, restore unto the defendants the sum of $845 which was collected on said judgment. A. M. STACK, Judge Presiding."
The plaintiff's exception and assignments of error is to the judgment rendered on the finding of facts above set forth by Judge A. M. Stack, at February Term, 1931. *Page 729 
C. S., 600, N.C. Code, 1927 (anno.) Michie, is as follows: "The judge shall, upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, verdict or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect, and may supply an omission in any proceeding. The clerk may hear and pass upon motions to set aside judgments rendered by him whether for irregularity or under this section, and an appeal from his order on such motion shall lie to the judge at the next term, who shall hear and pass upon such motion do novo: Provided, however, nothing in this section shall be construed to affect the rights of innocent purchasers for value in foreclosure proceedings where personal service is obtained."
The court below found the facts and under the above statute set the judgment aside and placed the parties in statu quo. The record discloses that the answer of defendants set up a meritorious defense. From a careful reading of the finding of facts by the court below, we think the judgment rendered by Judge Stack the law in this jurisdiction. Sutherland v. McLean,199 N.C. 345. The judgment below is
Affirmed.