HETTIE S. PERKINS v. E. P. SYKES.

(Filed 2 February, 1951.)

**1. Judgments § 27a—**

In order to be entitled to have a default judgment set aside under G.S. 1-220, motion must be made in apt time and movant must show not only surprise or excusable neglect but also a meritorious defense.

**2. Appeal and Error § 40d—**

The findings of the trial court upon motion to set aside a default judgment for surprise or excusable neglect are conclusive on appeal when supported by evidence.

**3. Same—**

Facts found by the trial court under a misapprehension of law are not binding on appeal, and in such instance the facts will be set aside and the cause remanded to the end that the evidence be considered in its true legal light.

**4. Appeal and Error § 6c (3)—**

A general exception to the findings of fact is insufficient, but appellant must point out with particularity the findings excepted to.

**5. Same—**

An exceptive assignment of error to the judgment presents only whether the facts found are sufficient to support the judgment and whether error in matters of law appears upon the face of the record.

**6. Attorney and Client § 8—**

An attorney retained generally to conduct an action enters into an entire contract to follow the proceeding to its termination, and he may not withdraw from the case except by leave of court for sufficient cause after reasonable notice has been given the client.

**7. Judgments § 27a—**

The withdrawal of defendant's attorney from the case by leave of court when the case is called for trial without notice to the client constitutes "surprise" within the meaning of G.S. 1-220.

**8. Same—**

Where the answer and record disclose a meritorious defense the denial of the trial court of a motion to set aside the judgment under G.S. 1-220 because defendant had offered no evidence of a meritorious defense, is erroneous.

APPEAL by defendant from *Harris, J.,* at May Term, 1950, of ORANGE. Civil action to recover on three different causes of action set out in plaintiff's complaint, to which defendant filed a verified answer,—denying all liability to plaintiff and pleading a cross-action against her,— all as recited in opinion by *Ervin, J.,* on former appeal to this Court

reported in 231 N.C. at page 488, 57 S.E. 2d 645, to which reference is here made for the details as to pleadings, issues and judgment then under consideration. The appeal there was from a judgment entered at May Term, 1949, of Superior Court of Orange County. This Court dismissed the appeal as being fragmentary and premature, but ruled that when the whole action is tried an appeal would lie from the final judgment upon the whole controversy.

The present appeal is from a judgment denying defendant's motion to set aside a judgment entered in his absence at May Term, 1950, on the ground of excusable neglect,—he having a meritorious defense.

The judgment from which former appeal was taken declares that six issues were submitted to the jury; that "after several hours of deliberation, the jury reported about 10 p.m. Friday in open court that they had agreed on issues Nos. 5 and 6 but were unable to agree as to the first four issues"; that the court accepted the verdict on the 5th and 6th issues, and entered judgment thereon in favor of plaintiff, but ordered a mistrial as to the matters and things covered by the first four issues, and a new trial as to them. Defendant appealed therefrom to Supreme Court. And these recitals appear in the statement of the case in the opinion of this Court on such appeal: "Trial began on Monday morning and ended at ten o'clock on the ensuing Friday night. The parties offered voluminous testimony in support of their respective pleadings."

Thereafter the case was calendared for trial at the May Term, 1950, of Superior Court of Orange County as the first case on Tuesday, 16 May, 1950, and it was so heard. At this hearing defendant was not present nor was he represented by his attorneys of record,—the court having permitted them to withdraw from the case on the morning of 16 May, 1950,— about one or two hours before the case was heard and judgment rendered. The court submitted the case to the jury on the four issues as to which the jury, on former trial, had failed to agree. The jury answered all these issues in favor of plaintiff. And thereupon the court entered judgment in accordance with the verdict in favor of plaintiff and against defendant, and also against his sureties on a bond filed by him.

The next morning, 17 May, 1950, at 9:30 o'clock the defendant moved in open court that the judgment so entered against him on 16 May, 1950, be set aside on the ground of excusable neglect,—he having a meritorious defense. And at the hearing which then followed defendant testified, and offered the testimony of three others, including one of his attorneys of record, Mr. Lee, in support of the motion. The gist of the testimony of defendant is as follows: That two or three months prior thereto he moved from Hillsboro, N. C., to Apex, N. C.; that he did not have a mail box at Apex, but got his mail through the box of his father-in-law, J. W. Lassiter, to which he did not know the dial combination; that hence he did

not go to the box at all—his mail being brought to him by his father-in-law; that he did not receive any notice from his attorneys that the case was calendared for trial on May 16th; that the first he knew of the case being on the calendar for trial at that time was when R. D. Caldwell called him by long distance telephone about 9 o'clock on the morning of May 16th; that he immediately communicated with one of his attorneys by long distance telephone and went by car to Durham, got his attorney and went with him on to Hillsboro, arriving there between 11:30 and 12 o'clock for the purpose of looking after the case; that when they arrived, court had already adjourned for the day; that it took four or five days to try the case when it was first tried, and he had a meritorious defense to the action; that he wanted an opportunity to present his defense; and "that his lawyers were already employed in the case."

The testimony of defendant's attorney, Mr. Lee, so given on the hearing of the motion as above stated, is substantially the following: That he was employed as original counsel in the matter; that he and Mr. Gantt represented the defendant in the first trial, and in the Supreme Court; "that he by letter advised the defendant that his case was on the calendar for trial on May 16, 1950, and enclosed a copy of the court calendar in said letter, addressing the defendant at Apex, N. C., in the care of J. W. Lassiter; that he did not hear from defendant in reply to this letter and that his Honor W. C. Harris permitted him and R. M. Gantt to withdraw as counsel for the defendant on the morning of May 16th at the opening of court; that he (J. Grover Lee) advised Judge Harris on the morning of May 16, 1950, when he was discussing this matter that he and Mr. Gantt would be pleased to represent the defendant should he later see them and arrange with them to represent him; that a short time after he saw Judge Harris with reference to withdrawing, the defendant did call him by telephone and arrange with him to represent him further in the matter and advised him at the time that he had not received any previous notice from him or any one else that the case was on the calendar for trial on May 16"; that on morning of May 16, R. D. Crawford called him (Lee) by phone from Hillsboro and he advised Mr. Crawford that he had written Mr. Sykes and had heard nothing from him; that a short time after this defendant called him in Durham and advised him that he did not know the case was on the calendar for May 16th and wanted him to represent him; that defendant immediately came to see him and took him to Hillsboro that morning; "that Mr. Sykes had paid him for his services in this matter up to date on different occasions the sum of $400.00, and that he was still willing and was representing the defendant."

After hearing parol testimony and argument offered by Mr. Lee, the court found facts, in material part, as follows: That the opinion of the

Supreme Court, 1 March, 1950, was filed on 4 April, 1950, in office of Clerk of Superior Court of Orange County; that the present action was calendared as the first case for trial on Tuesday morning, 16 May, 1950; that a copy of the calendar was mailed by the Clerk to each of defendant's attorneys, J. Grover Lee and R. M. Gantt, both of whom, at the time, were attorneys of record; that the attorneys received the calendar more than two weeks prior to the convening of said court on 15 May, 1950; that following receipt of copies of the calendar, each of the attorneys wrote letters to defendant at his correct address in Apex, N. C., "although the defendant contends that he did not receive either of said letters"; that, from the testimony offered, defendant was indebted to each of his attorneys "for balance of attorney's fees due on account of appearance in Supreme Court, and that no payment was made to said attorneys for representation at May Term, 1950, of Superior Court"; that neither "defendant nor either of his attorneys made any preparation for the trial of this action at May 1950 Term and no witnesses were summoned on the part of said defendant"; "that on Tuesday, May 16, 1950, each of defendant's attorneys . . . appeared before the undersigned Judge and asked permission to retire as attorneys for defendant in the above entitled action; that this request of said attorneys was duly entered on the minutes of the proceedings of the May Term of Orange Superior Court had on Tuesday, May 16, 1950, by the Clerk of said court; that no request for change of this motion was made to the court and no application for reinstatement as attorneys was made by either J. Grover Lee or R. M. Gantt"; that "from testimony offered the court finds as a fact that the bondsman, to wit, R. D. Crawford, was notified on Monday evening, May 15, 1950, that the above entitled action would be tried the next morning, to wit, May 16, 1950, and that said bondsman notified defendant . . . by phone at 7 o'clock a.m. on Tuesday, May 16, 1950, that this action would be tried in court that morning"; "that on convening of court on Tuesday, May 16, 1950, the above entitled case was regularly reached for trial, the plaintiff with witnesses being present in court and also represented by attorneys . . .; that the defendant . . . was duly called in court by the sheriff, and after waiting a reasonable time and the defendant failing to appear, the court proceeded with the trial of this action, etc."; "that the court completing the hearing of cases calendared for Tuesday, May 16, 1950, by 12 o'clock noon on said day accordingly adjourned court until the next morning, to wit, May 17, 1950"; that "from testimony offered the court finds as a fact that the defendant . . . in company with attorney J. Grover Lee, went to the courthouse in Hillsboro on Tuesday, May 16, 1950, after the adjournment of court as above set forth"; "that on Wednesday, May 17, 1950, during the morning session of the Superior Court of Orange County, E. P. Sykes, accompanied by

attorney J. Grover Lee, appeared and made oral motion for the setting aside of the judgment rendered on the preceding day in this action on the grounds of excusable neglect and a meritorious defense," and that "the court heard four witnesses offer oral testimony, to wit: E. P. Sykes, the defendant, J. W. Lassiter, R. D. Crawford (the bondsman) and J. Grover Lee, attorney, and from the facts as above set forth, the court holds that the defendant has failed to show sufficient grounds for setting aside the judgment on account of excusable neglect, and further holds that no evidence of meritorious defense has been shown."

Thereupon the court entered judgment denying the motion of defendant to set aside the judgment rendered on 16 May, 1950.

These entries follow: "To the above findings of facts, for errors assigned and to be assigned the defendant excepts. To the signing of this judgment the defendant in apt time excepts."

Defendant appeals to Supreme Court and assigns error.

*A. H. Graham and L. J. Phipps for plaintiff, appellee.*

*J. Grover Lee and R. M. Gantt for defendant, appellant.*

WINBORNE, J. The decisions of this Court uniformly hold that a party, moving in apt time and under the provisions of G.S. 1-220 to set aside a judgment taken against him, on the ground of surprise or excusable neglect, not only must show surprise or excusable neglect, but also must make it appear that he has a meritorious defense to plaintiff's cause of action. *Dunn v. Jones,* 195 N.C. 354, 142 S.E. 320; *Hooks v. Neighbors,* 211 N.C. 382, 190 S.E. 236; *Johnson v. Sidbury,* 225 N.C. 208, 34 S.E. 2d 67; *Craver v. Spaugh,* 226 N.C. 450, 38 S.E. 2d 525; *Whitaker v. Raines,* 226 N.C. 526, 39 S.E. 2d 266; *Hanford v. McSwain,* 230 N.C. 229, 53 S.E. 2d 84, and numerous other cases.

The findings of fact made by the court in respect to the elements so required, surprise or excusable neglect and meritorious defense, when supported by evidence, are conclusive on appeal, and binding on this Court. *Craver v. Spaugh, supra; Hanford v. McSwain, supra.*

But facts found under misapprehension of the law are not binding on this Court and will be set aside, and the cause remanded to the end that the evidence should be considered in its true legal light. *McGill v. Lumberton,* 215 N.C. 752, 3 S.E. 2d 324. See also *Hanford v. McSwain, supra,* where decisions to like effect are cited.

Indeed, in *Calaway v. Harris,* 229 N.C. 117, 47 S.E. 2d 796, the principle has been aptly re-stated in this manner: "Where rulings are made under a misapprehension of the law or the facts, the practice is to vacate such rulings and remand the cause for further proceedings as to justice appertains and the rights of the parties may require," citing *McGill v.*

*Lumberton, supra.* And this principle is applied in *Hanford v. McSwain, supra.*

While on the present appeal defendant, appellant, bases an assignment of error upon a general exception to the findings of fact on which the challenged judgment rests, "a shot at the covey," so to speak, it fails to hit any particular fact. Hence it is not well taken, and cannot be considered. See *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351.

Moreover, the only assignment of error properly presented for consideration is founded on an exception to the judgment. Such assignment, as recently re-stated in *Simmons v. Lee,* 230 N.C. 216, 53 S.E. 2d 79, and numerous cases there cited, raises only the questions (1) as to whether the facts as found by the judge are sufficient to support the judgment, and (2) as to whether error in matters of law appears upon the face of the record. See also *Hanford v. McSwain, supra.*

In this connection it is apparent, from a reading of the pleadings, the judgment on former trial, and the opinion of the Supreme Court on the former appeal in connection with defendant's motion to set aside the judgment of 16 May, 1950, that the facts found by the court in respect to the essential elements, surprise or excusable neglect, and meritorious defense, were made under a misapprehension of the law and the facts.

First, as to the withdrawal of defendant's attorneys: Appropriate treatment of the subject is found in these decisions of this Court: *Gosnell v. Hilliard,* 205 N.C. 297, 171 S.E. 52, and in *Roediger v. Sapos,* 217 N.C. 95, 6 S.E. 2d 801. In the *Gosnell case, Adams, J.,* writing for the Court, in pertinent part, had this to say: "An attorney who is retained generally to conduct a legal proceeding enters into an entire contract to follow the proceeding to its termination, and hence cannot abandon the service of his client without sufficient cause and without giving proper notice of his purpose . . . Weeks states the rule as follows: 'An attorney who undertakes the conduct of an action impliedly stipulates to carry it to its termination and is not at liberty to abandon it without reasonable cause and reasonable notice.'

"The dual relation sustained by an attorney imposes upon him a dual obligation—the one to his client, the other to the court. He is an officer of the court . . . and can withdraw from a pending action in which he is retained only by leave of the court . . . and only after having given reasonable notice to his client. This Court has held that if an attorney wishes to withdraw from a case in which he has been employed he must inform his client of his intention, and that he cannot terminate the contractual relation between them without such information. . . . No rule of universal application has been formulated with respect to facts or conditions which would justify an attorney in withdrawing from pending litigation; but it is generally held that the client's failure to pay or to

secure the payment of proper fees upon reasonable demand will justify the attorney in refusing to proceed with the case. . . . In *Spector v. Greenstein,* 85 Pa. Sup. L. 177, it was held that while an attorney may sever his relation with a client who refuses to pay a fee, his withdrawal should not be allowed in the absence of the client, without notice to him, and without his having an opportunity to be heard. The decisive question is whether the defendant was entitled to specific notice that her attorney would not represent her at the trial. It is held generally that she was entitled to such notice . . . She was entitled either to specific notice in advance that her counsel would retire from the case or, after his withdrawal, that he had retired, and to a reasonable opportunity to obtain other professional assistance."

To like effect is the case of *Roediger v. Sapos, supra.* There this Court, in opinion by *Barnhill, J.,* states: "When defendant's counsel undertook to withdraw from the case at the moment the cause was ordered to trial the court below should have denied him the right to do so. If counsel insisted upon withdrawing or declined to participate in the trial in defense of his client's rights, he being an officer of the court, the judge had ample authority to require him to proceed in good faith. The conduct of the attorney in withdrawing from the case under the circumstances disclosed by this record, inadvertently participated in by the judge in allowing such conduct, if the defendant had no notice of such purpose, constitutes 'surprise' under C.S. 600," citing cases.

Applying these principles to the case in hand, it appears on the face of the record that the attorneys of record for defendant appeared generally in the conduct of his defense to the action in both Superior and Supreme Courts. And there is no showing or finding, in connection with their withdrawal from the case, or otherwise, that they had given defendant notice that they, or either of them, intended to withdraw from the case. Under such circumstance, their request to be permitted to retire from the case should have been denied. Their conduct in withdrawing under the circumstances disclosed by the record, inadvertently participated in by the judge in allowing such conduct, constitutes "surprise" under G.S. 1-220, formerly C.S. 600.

Second: As to the holding that "no evidence of meritorious defense has been shown," patently this ruling was made under misapprehension (1) as to the averments in defendant's answer denying the allegations of plaintiff's complaint, (2) of the judgment on former trial, and (3) of opinion of the Supreme Court, all of which appear upon the face of the record. See *Hanford v. McSwain, supra; Cagle v. Williamson,* 200 N.C. 727, 158 S.E. 391.

For reasons pointed out, the findings of fact and rulings thereon made by the judge below will be and are set aside, and the cause is remanded

for further proceedings as to justice appertains and the rights of the parties may require. *Hanford v. McSwain, supra.*

Error and remanded.