### CASSIE SMITH v. EMMA TROY BRYANT.

(Filed 7 April, 1965.)

**1. Attorney and Client § 1—**

　　An attorney occupies a dual relationship as an employee of his client and as an officer of the court.

**2. Attorney and Client § 6—**

　　An attorney of record may withdraw from the case only for cause after reasonable notice to the client and with the permission of the court.

**3. Same—**

　　While an attorney may be justified in withdrawing from the case upon refusal of the client to pay or to secure payment of proper fees upon reasonable demand, the attorney must still give reasonable notice to the client and, in discharging his duties to the court, perfect his withdrawal in time to obviate a continuance of the case.

**4. Same;    Trial § 3—**

   Where defendant's attorney of record announces his withdrawal from the case at the time the case is called for trial, it is error for the court to treat the withdrawal as a *fait accompli* and acquiesce in the withdrawal, refuse a continuance, and set the trial for the following morning.

APPEAL by defendant from *Braswell, J.,* January 1964 Session of COLUMBUS. This appeal was docketed in the Supreme Court as Case No. 597 and argued at the Fall Term 1964.

Plaintiff instituted this action on July 30, 1962, to recover from defendant both actual and punitive damages for trespass. In her complaint plaintiff alleges that defendant unlawfully and wilfully trespassed upon lands in the possession of plaintiff and maliciously cut down one-half acre of growing tobacco and three acres of corn. Defendant, through her counsel of record, Mr. H. O. Rhoe, filed answer to the complaint, and the case was calendared for trial at the October-November 1963 Term. When the case was called for trial on November 6, 1963, Mr. Rhoe moved for a continuance. The motion was based upon the following telegram, which the trial judge had received that day: "Emma Bryan is detained in Wilmington because of the serious condition of her mother who has had a relapse. Dr. S. J. Gray." The presiding judge entered the following order:

> "The Court having considered the foregoing matters, determined that it would continue the case until the next succeeding Civil Term of Superior Court of Columbus County, upon the condition that the defendant's Attorney, H. O. Rhoe, would consent that a restraining order be entered in the matter restraining, enjoining and barring the defendant, Emma Troy Bryant, from selling, mortgaging, or in any manner disposing of, alienating or encumbering any of her property, pending the entry of final judgment in this case, and that such restraining order should be spread upon and appropriately indexed on the *Lis Pendens* Docket of Columbus County and that same should have the force and effect of an attachment upon any real property of the defendant, Emma Troy Bryant, or interest therein, in Columbus County and the defendant's Attorneys having so consented in open Court.
>
> "Now, THEREFORE, it is ORDERED, ADJUDGED and DECREED that the defendant, Emma Troy Bryant, be and she is hereby restrained, barred and enjoined from selling, mortgaging, or otherwise disposing of, alienating, or encumbering any of her property, pending the entry of final judgment herein and it is further ordered and adjudged that this order be spread upon and properly indexed on the *Lis Pendens* Docket in the Clerk of Court's Office

in Columbus County; that a copy of this order be mailed to the defendant, Emma Troy Bryant, at her last known address.

"Entered this 6th day of November 1963.

(s)   RAYMOND B. MALLARD
Judge Presiding."

This case was next calendared at the January Term 1964. When it was called for trial on January 9th, Mr. Rhoe announced to the court that he had withdrawn as counsel for defendant because she had not paid him. No order permitting him to withdraw had been theretofore entered; and, if Judge Braswell entered one, the record does not contain it. The record discloses only "that the defendant disputes the question of whether or not she has paid her attorney." Apparently, however, the judge treated Mr. Rhoe's withdrawal as a *fait accompli*. He denied defendant's motion, "made on the afternoon of January 9, 1964, for another continuance" but entered the following order:

"In the discretion of the Court, the Court will allow the defendant until Friday morning at 9:30 a.m., January 10, 1964, to obtain counsel if she chooses to do so, and be present in court and ready for the trial of this action."

Defendant excepted to the denial of her motion for a continuance and to the order requiring her to be ready for trial at 9:30 o'clock the next morning. At the appointed time, however, she appeared for trial without counsel and attempted to represent herself. She cross-examined plaintiff's witnesses and testified in her own behalf.

Plaintiff's evidence tended to show that defendant came upon the land, which plaintiff had rented from defendant's brother, and, with a hoe, cut down 0.55 acre of tobacco which was "ready to crop" and 3 acres of growing corn. Defendant's brother had acquired the land by deed from his mother.

Defendant, as the only witness in her behalf, testified that she is the guardian of her incompetent mother; that the tobacco in question was planted on defendant's allotment and that "the three acres of corn that was cut down . . . was in the soil bank."

The jury's verdict was that defendant had trespassed against the crops of plaintiff, and that plaintiff was entitled to receive $900.00 actual damages and $350.00 punitive damages. From a judgment entered upon the verdict defendant appeals, assigning as error the denial of her motion for a continuance and specified portions of the charge.

*Powell & Powell for plaintiff appellee.*
*Payne and Canoutas and R. M. Kermon for defendant appellant.*

SMITH *v.* BRYANT.

SHARP, J. The transcript of the trial below reveals defendant to have been badly in need of legal counsel. She had employed a lawyer, who had entered a formal appearance upon the court record by filing her answer to the complaint. Thereafter he was not at liberty to abandon her case without (1) justifiable cause, (2) reasonable notice to her, and (3) the permission of the court. *Perkins v. Sykes,* 233 N.C. 147, 63 S.E. 2d 133; *Gosnell v. Hilliard,* 205 N.C. 297, 171 S.E. 52.

Whether an attorney is justified in withdrawing from a case will depend upon the particular circumstances, and no all-embracing rule can be formularized. It is generally held, however, "that the client's failure to pay or to secure the payment of proper fees upon reasonable demand will justify the attorney in refusing to proceed with the case." *Gosnell v. Hilliard, supra* at 301, 171 S.E. at 54; 7 C.J.S., Attorney and Client § 110 (1937). Nevertheless, this does not mean that an attorney of record can walk out of the case by announcing to the court on the day of the trial that he has withdrawn because he has not been paid. An attorney not only is an employee of his client but also is an officer of the court. This dual relation imposes a dual obligation. *Roediger v. Sapos,* 217 N.C. 95, 6 S.E. 2d 801. To the client who refuses to pay a fee the attorney must give specific and reasonable notice so that the client may have adequate time to secure other counsel and so that he may be heard if he disputes the charge of nonpayment. To the court, which cannot cope with the ever-increasing volume of litigation unless lawyers are as concerned as is a conscientious judge to utilize completely the time of the term, the lawyer owes the duty to perfect his withdrawal in time to prevent the necessity of a continuance of the case. "An attorney at law is a sworn officer of the court with an obligation to the public, as well as his clients, for the office of attorney at law is indispensable to the administration of justice," Parker, J. in *Baker v. Varser,* 240 N.C. 260, 267, 82 S.E. 2d 90, 95. "The attorney's obligation crystallizes into one of *noblesse oblige,*" Comment, Attorney and Client — Withdrawal of Attorney, 18 N.C.L. Rev. 338, 344.

As between the attorney and his client the relationship may ordinarily be dissolved in good faith at any time, but before an attorney of record may be released from litigation he must satisfy the court that he is justified in withdrawing. The first requirement for his withdrawal is proof of timely notice to his client. Obviously, written notice served on the client would be the most satisfactory evidence of compliance with this requirement. G.S. 1-592. Mr. Rhoe's announced withdrawal at the time this case was called for trial was, of course, subject to the court's approval. On the facts disclosed by the record, Judge Braswell should have refused him such permission.

"When defendant's counsel undertook to withdraw from the case at the moment the cause was ordered to trial the court below should have denied him the right to do so. If counsel insisted upon withdrawing or declined to participate in the trial in defense of his client's rights, he being an officer of the court, the judge had ample authority to require him to proceed in good faith." Barnhill, J. (later C.J.), in *Roediger v. Sapos, supra* at 99, 6 S.E. 2d at 803, (quoted with approval in *Perkins v. Sykes, supra* at 153, 63 S.E. 2d at 138).

Having, however, acquiesced in counsel's withdrawal on the afternoon of January 9th, his Honor should have continued the case for a reasonable time. Instead, he set the case for trial at 9:30 the next morning. Defendant contends, no doubt correctly, that Judge Mallard's order at the preceding term, enjoining her from encumbering or disposing of any of her property pending the entry of a final judgment in this case, effectively prevented her from securing other counsel overnight. Even without such a financial handicap, defendant, we apprehend, would have had difficulty in finding a lawyer willing to undertake her defense to this action without more time for investigation and preparation.

It is quite possible that Mr. Rhoe's withdrawal from this case was entirely justified; that he had given defendant adequate notice; and that she had negligently or contumaciously failed to attend to her case. If these are the facts, however, the record fails to show them. It may well be that another trial will not improve defendant's situation; but, since she asks for it, on the record she is entitled to it. The judgment below is vacated, and a new trial is ordered.

New trial.