ROBERT JIM UNDERWOOD v. NELLIE D. WILLIAMS

No. 8310SC958

(Filed 19 June 1984)

**Attorneys at Law § 6— withdrawal of attorney—reasonable notice to client—summary judgment at time of withdrawal**

Where plaintiff's counsel had entered a formal appearance, he was obligated to provide plaintiff with reasonable notice of his intention to withdraw, and where the record failed to show that he did so, the trial court erred in entering summary judgment against plaintiff at the same time his attorney was allowed to withdraw. The absence of any formal request by plaintiff for a continuance does not change this result since plaintiff unsuccessfully requested an opportunity to obtain new counsel, and this was sufficient under the circumstances.

APPEAL by plaintiff from *Samuel E. Britt, Judge.* Judgment entered 28 February 1983 in Superior Court, WAKE County. Heard in the Court of Appeals 6 June 1984.

*Bain & Marshall, by Elaine F. Marshall for plaintiff appellant.*

*No brief for defendant appellee.*

BECTON, Judge.

The sole issue presented by this appeal is whether summary judgment was properly entered against plaintiff at the same time as his attorney was allowed to withdraw. The record does not indicate that the circumstances of the case justified entry of summary judgment, and we therefore reverse.

Plaintiff Underwood filed his Complaint 6 December 1979, and defendant Williams filed her answer 2 January 1980. Apparently, nothing further occurred in this case until April, 1982, when the cause was transferred to Superior Court, and Williams moved for summary judgment. The record is again silent until 28 February 1983, when Underwood's counsel, who had signed his Complaint, filed a motion claiming that Underwood had discharged him and asking leave to withdraw. By order filed at 4:14 p.m. that same day, the trial court allowed the motion. The order simply stated that Underwood's attorney had shown good cause for withdrawal; it contained no specific findings of fact. A second order, filed at the same time, allowed Williams' motion for summary judgment. The subsequent record contains allegations by Underwood that he was denied the right to obtain new counsel.

Rule 16 of the General Rules of Practice for the Superior and District Courts provides:

No attorney who has entered an appearance in any civil action shall withdraw his appearance, or have it stricken from the record, except on order of the court. Once a client has employed an attorney who has entered a formal appearance, the attorney may not withdraw or abandon the case without (1) justifiable cause, (2) reasonable notice to the client, and (3) the permission of the court.

4A N.C. Gen. Stat. App. I(5), General Rules of Practice for the Superior and District Courts 16 (1970). Rule 16 is expressly based on *Smith v. Bryant,* 264 N.C. 208, 141 S.E. 2d 303 (1965). In *Smith,* when the case was called for trial, defendant's attorney announced that he had withdrawn as counsel because of nonpayment. Defendant disputed nonpayment, and requested a continuance. The trial court granted a continuance to obtain new counsel, but only to the next morning. The Supreme Court ordered a new trial, setting forth the three mandatory factors now embodied in Rule 16, *supra.* The Court, through Justice (later Chief Justice) Sharp, explained its decision thusly:

An attorney not only is an employee of his client but also is an officer of the court. This dual relation imposes a dual obligation. [Citation omitted.] To the client . . . the attorney must give specific and reasonable notice so that the client may have adequate time to secure other counsel and so that

he may be heard if he disputes [the grounds for withdrawal]. To the court, which cannot cope with the ever-increasing volume of litigation unless lawyers are as concerned as is a conscientious judge to utilize completely the time of the term, the lawyer owes the duty to perfect his withdrawal in time to prevent the necessity of a continuance of the case. 'An attorney at law is a sworn officer of the court with an obligation to the public, as well as his clients, for the office of attorney at law is indispensable to the administration of justice.' [Citation omitted.] 'The attorney's obligation crystallizes into one of *noblesse oblige*,' [citation omitted].

As between the attorney and his client the relationship may ordinarily be dissolved in good faith at any time, but before an attorney of record may be released from litigation he must satisfy the court that he is justified in withdrawing. The first requirement for his withdrawal is proof of timely notice to his client. Obviously, written notice served on the client would be the most satisfactory evidence of compliance with this requirement.

\*    \*    \*    \*

It is quite possible that [the attorney's] withdrawal from this case was entirely justified; that he had given defendant adequate notice; and that she had negligently or contumaciously failed to attend to her case. If these are the facts, however, the record fails to show them. It may well be that another trial will not improve defendant's situation; but, since she asks for it, on the record she is entitled to it.

*Smith*, 264 N.C. at 211-12, 141 S.E. 2d at 306. In *Shankle v. Shankle*, 289 N.C. 473, 223 S.E. 2d 380 (1976), the Supreme Court followed *Smith*, again ordering a new trial. In *Shankle*, respondents' attorney had accepted a retainer and accompanied them to court on the day of trial, but left upon discussing the case with the judge, who then denied respondents' request for a continuance. *Compare High Point Bank and Trust Co. v. Morgan-Schultheiss, Inc.*, 33 N.C. App. 406, 235 S.E. 2d 693, *disc. rev. denied*, 293 N.C. 258, 237 S.E. 2d 535 (1977), *cert. denied sub nom., Poston v. Morgan—Schultheiss, Inc.*, 439 U.S. 958, 58 L.Ed. 2d 350, 99 S.Ct. 360 (1978) (no formal appearance by or fee paid to fourth attorney; defendants filed answer *in propria persona* one

week before hearing; no request for continuance; held: no error to enter orders where defendants unrepresented).

In the present case it is clear that Underwood's counsel had entered a formal appearance. *Smith*. Therefore he was obligated to provide Underwood with reasonable notice of his intention to withdraw. He may in fact have done so, and his withdrawal may have been entirely justified. But, as in *Smith*, the record fails to show any such facts, and if the trial court made any such inquiry, its findings are not before us. Accordingly, on this record Underwood is entitled to reversal of the summary judgment against him.

The absence of any formal request for a continuance does not change our result. Plaintiff unsuccessfully requested an opportunity to obtain new counsel; that is sufficient under the circumstances of this case. Obviously, an unrepresented litigant cannot be expected to make precisely correct procedural requests when confronted with sudden changes as occurred here.

We have expressed no opinion on the merits of the case; as in *Smith*, our holding may not improve Underwood's position one iota. All our decision means is that Underwood was entitled to a reasonable opportunity to obtain new counsel, which he did not receive. Therefore, upon his appeal, the summary judgment must be reversed and the cause remanded for further proceedings.

Reversed and remanded.

Judges HILL and BRASWELL concur.