WILLIAMS AND MICHAEL, P.A. v. ISABELLE CLANTON KENNAMER

No. 8326DC1259

(Filed 6 November 1984)

1. **Attorneys at Law § 6— withdrawal of attorney—notice to client**

     An attorney of record may not be permitted to withdraw on the day of trial without first satisfying the court that he has given his client *prior* notice which is both specific and reasonable. Where the attorney has given his client no prior notice of an intent to withdraw, the court must grant the client a reasonable continuance or deny the attorney's motion to withdraw.

2. **Attorneys at Law § 6— withdrawal of attorney—absence of notice to client— prejudice**

     Defendant was prejudiced when the trial court permitted her counsel to withdraw on the trial date without prior notice to her and set the trial for only two days later and is entitled to a new trial where defendant, an elderly woman in poor health, represented herself at trial and had difficulty speaking and following the court's instructions.

APPEAL by defendant from *Brown, Judge.* Judgment entered 20 June 1983 in District Court, MECKLENBURG County. Heard in the Court of Appeals 24 September 1984.

Plaintiff law firm sued defendant on breach of contract for monies owed for services rendered. The trial court, sitting without a jury, entered a verdict in favor of plaintiff.

The facts of the case are as follows: On 15 May 1981, plaintiff filed a complaint in District Court alleging defendant's failure to pay $1,306.05 worth of legal services rendered pursuant to an oral contract entered into in February 1977. Defendant, through her counsel, Sol Levine (Levine), filed an answer denying plaintiff's charges. Defendant also requested in her answer that "[a]ll issues of fact be tried by a jury." On 16 September 1982, Levine requested and was granted a motion for continuance based on defendant's poor health. Trial was ultimately calendared for the week of 13 June 1983. Neither defendant nor Levine appeared at calendar call and Monday, 13 June 1983 was established as the trial date. On that day, the court refused to grant an additional motion for continuance by defendant through Levine. Levine thereafter petitioned the trial court to allow him "to withdraw as attorney of record in this case and [to allow] defendant a reasonable period of time to secure new counsel." Levine asserted that defendant had

failed to heed his advice on this matter for a period of two years and that he could no longer "objectiv[ely]" represent defendant. The trial court granted Levine's motion to withdraw and set trial for 15 June 1983, two days later. Defendant was not present in court and had been given no prior notice of Levine's intent to withdraw.

As of 2:00 p.m. on 15 June 1983, the trial court received no contact from defendant nor from any other attorneys on defendant's behalf. The court had been advised by Levine that defendant was given notice of his withdrawal on 13 June and that he further advised her to retain new counsel if she desired representation for the 15 June trial. The trial court noted defendant's absence in the record and proceeded with the trial. Finally, at 2:43 p.m., after plaintiff's opening statement and the swearing in of plaintiff's first witness, defendant appeared and attempted to represent herself. She stated that she had not received notice of the 15 June trial date or of Levine's withdrawal until 14 June.

After trial, the Court awarded plaintiff a verdict in the amount of $1,216.05. Defendant appeals.

*Mraz and Boner, P.A., by Richard D. Boner, for defendant appellant.*

*Williams and Michael, P.A., by Robin S. Lymberis, for plaintiff appellee.*

VAUGHN, Chief Judge.

The merits of plaintiff's claim are not before us. Defendant assigns as error the trial court's granting of Levine's motion to withdraw and its refusal to allow more than two days within which to prepare for trial or to obtain substitute counsel. We agree that the judge erred.

[1] It is fundamental that an attorney is not at liberty to abandon a case without (1) justifiable cause, (2) reasonable notice to his client, and (3) the permission of the court. *Smith v. Bryant*, 264 N.C. 208, 141 S.E. 2d 303 (1965); *Perkins v. Sykes*, 233 N.C. 147, 63 S.E. 2d 133 (1951); *State v. Penley*, 6 N.C. App. 455, 170 S.E. 2d 632 (1969), *cert. denied*, 276 N.C. 85 (1970). Whether Levine was justified in requesting withdrawal from the case is not at issue. Under no circumstances may an attorney of record be permitted

to withdraw on the day of trial without first satisfying the court that he has given his client *prior* notice which is both specific and reasonable. Timely notice is a "first requirement" for withdrawal and was obviously absent in this case. *Smith*, 264 N.C. at 211, 141 S.E. 2d at 306. The trial court clearly erred by permitting Levine to withdraw without first receiving such assurances.

Plaintiff cites the "general rule [whereby] an attorney's withdrawal on the eve of trial of a civil case is not *ipso facto* grounds for a continuance." *Shankle v. Shankle*, 289 N.C. 473, 484, 223 S.E. 2d 380, 387 (1976). The decision to grant a continuance under such circumstances is within the trial judge's discretion. *Id.* Plaintiff's reliance on this authority is misapplied. The general rule presupposes that an attorney's withdrawal has been properly investigated and authorized by the court and no such actions were taken in the present case. Where an attorney has given his client no prior notice of an intent to withdraw, the trial judge has no discretion. The Court must grant the party affected a reasonable continuance or deny the attorney's motion for withdrawal.

[2] It is indisputable that defendant was prejudiced by the Court's actions. Defendant is an elderly woman and is in poor health. At trial, she had difficulty in speaking and in following the simple instructions of Judge Brown. A one or two day period was insufficient time for her to either prepare her own defense or acquire alternative representation. *See Smith, supra.* The fact that defendant was being sued by former legal counsel for nonpayment of attorney's fees would not make the latter task easier.

We, therefore, hold that defendant is entitled to a new trial. At such time, she may, if desired, be afforded the right to trial by jury pursuant to art. 1, sec. 25 of the North Carolina Constitution and Rule 38 of the Rules of Civil Procedure.

Judgement vacated. Remanded for new trial.

Judges WHICHARD and JOHNSON concur.