MELVIN W. SNOVER v. NORMA SELLARS GRABENSTEIN

———————

HIDEAWAY SHORES HOMEOWNERS ASSOCIATION, FRAN BRUTON, JOHN E. HARRIS, GEORGE M. KOSERUBA, VINCENT R. MALAVE, JAMES T. PERRY, MELVIN W. SNOVER, BOBBY LEE SMITH AND WIFE, PEGGY M. SMITH, TONY FESTA AND TERRENCE CARR v. NORMA SELLARS GRABENSTEIN

No. 915SC567

(Filed 16 June 1992)

1. **Attorneys at Law § 39 (NCI4th)— withdrawal of co-counsel— absence of notice—client not prejudiced**

 Defendant was not prejudiced by the trial court's decision permitting defendant's co-counsel to withdraw without prior notice to defendant on the second day of trial of an action to try title where defendant's lead counsel remained in the case, and there was nothing in the record to indicate that the lead counsel was incapable of representing defendant's interests and continuing the case by himself. Rule 16, General Rules of Practice for the Superior and District Courts.

 **Am Jur 2d, Attorneys at Law § 173.**

2. **Attorneys at Law § 39 (NCI4th)— withdrawal of co-counsel— absence of notice—continuance properly denied**

 The trial court did not err in denying defendant's motion for a continuance when defendant's co-counsel was permitted to withdraw without notice to defendant on the second day of the trial where the court did recess the trial from Tuesday afternoon until Thursday morning to give defendant the opportunity to hire additional counsel; when the case resumed on Thursday morning, there was no mention of additional counsel by defendant, no further motion for continuance, and no show-

SNOVER v. GRABENSTEIN

[106 N.C. App. 453 (1992)]

ing by defendant that her remaining counsel was unprepared to proceed with the trial; and defendant's counsel who remained in the case was actively involved in the case from the beginning, was the sole signer of the pleadings and other documents, and was defendant's only attorney of record.

**Am Jur 2d, Attorneys at Law § 173.**

3. **Trespass to Try Title § 4 (NCI3d) — disputed property — determination of ownership by court — sufficiency of evidence and findings**

The trial court did not err in adjudging that plaintiff and petitioners are the owners of disputed land where the evidence supported the court's findings and conclusions that plaintiff is the record owner of the disputed property in one action and defendant and her agents have trespassed onto such property; petitioners established a record marketable chain of title to the disputed property in the second action; petitioners and their predecessors in title have possessed the disputed property under color of title for more than seven years; an old wire boundary line fence was in place for more than fifty years such that possession exercised by the respective parties on either side was open, notorious and continuous so as to constitute adverse possession; and petitioners are the rightful owners and title holders of the property lying to the west of the eastern boundary line of the disputed property in the second action.

**Am Jur 2d, Trespass § 41.**

APPEAL by defendant from judgments entered 3 July 1990 and 31 July 1990 by *Judge Ernest B. Fullwood* in PENDER County Superior Court. Heard in the Court of Appeals 7 April 1992.

This case stems from the consolidation of two separate actions in which the location of the boundary line between the parties' properties was disputed. Three separate surveys were conducted with regard to the boundary line between the parties' properties. In 1923 a survey showed the boundary as a straight line, but surveys conducted in 1973 and 1976 showed the boundary line not to be straight but with a deflection to the south, which increased defendant's sound frontage. The properties were separated, however, by an old wire fence which had been in place and uncontested for more than fifty years.

The facts of the first action (the "Snover action"), as found by the trial court, indicate that plaintiff Snover is the record owner of Lot 10, Block A, Section 1, and Lot 1, Block B, Section 1, Hideaway Shores Subdivision. Defendant Grabenstein owns property adjacent to plaintiff, which she received via quitclaim deed in April 1988. On or about 23 April 1988 defendant or her agents entered plaintiff's property and erected a new wire fence. Plaintiff removed the fence whereby defendant entered upon plaintiff's property and re-erected it. Plaintiff filed a complaint seeking damages in the sum of $25,850, the costs of the action, and a temporary injunction restraining defendant or her agents from interfering with plaintiff's possession, use and enjoyment of said property. Defendant answered denying that plaintiff is the owner of the entire tract as claimed in the complaint and asserting herself to be the owner in possession of the property which is the subject of the complaint. She also asserted a counterclaim against plaintiff for trespass upon her property and sought relief in the form of damages and a permanent injunction. Defendant requested that she be adjudged the exclusive owner of the real property.

In the second action petitioners are Hideaway Shores Homeowners Association and affected individual landowners within the subdivision. Defendant Grabenstein is the owner of a parcel of property lying immediately adjacent to and east of Hideaway Shores Subdivision. Petitioners initiated a special proceeding alleging that defendant disputes the eastern boundary of Hideaway Shores Subdivision and requesting a determination of the correct boundary line. Defendant answered denying that petitioners are the owners of the lots indicated in their petition, asserting title to a portion of the real property claimed by petitioners, and asking to be adjudged the exclusive owner of the disputed real property.

On 23 July 1990 the parties stipulated that the Hideaway Shores action had been converted from a boundary dispute proceeding under G.S. Chapter 38 into an action to try title. Since the Snover action was also an action to try title, both actions were tried together without a jury. Judgments were entered in favor of plaintiff Snover and petitioners Hideaway Shores from which defendant now appeals.

*James A. MacDonald for plaintiff appellees.*

*Ward and Smith, P.A., by Kenneth R. Wooten and Leigh A. Allred; and Prevatte, Prevatte, Peterson & Campbell, by R. Glen Peterson, for defendant appellant.*

SNOVER v. GRABENSTEIN

[106 N.C. App. 453 (1992)]

WALKER, Judge.

[1]   Defendant first assigns as error the trial court's decision to grant the motion for withdrawal of defendant's co-counsel on the second full day of trial and without prior notice to defendant of counsel's intent to withdraw. Rule 16 of the General Rules of Practice for the Superior and District Courts, which codified the holding in *Smith v. Bryant*, 264 N.C. 208, 141 S.E.2d 303 (1965), provides:

> No attorney who has entered an appearance in any civil action shall withdraw his appearance, or have it stricken from the record, except on order of the court. Once a client has employed an attorney who has entered a formal appearance, the attorney may not withdraw or abandon the case without (1) justifiable cause, (2) reasonable notice to the client, and (3) the permission of the court.

In the case before us defendant alleges she received no notice by Mr. Moore of his intent to withdraw as her attorney prior to doing so. Instead, immediately preceding the afternoon proceedings on the second day, Mr. Moore offered the following explanation in support of his motion:

> It was called to my attention today at the break for lunch that in 1983, my partner, who was then my law partner, . . . certified title to one of the lots in this subdivision to one of the witnesses and one of the parties. . . . I have checked and it is true that at that time, he and I were in partnership. It's probably my fault that I did not check more carefully and remember that, of course, as we had then associated during those years and that titles were done by the partnership. Although I didn't actually do the title or sign the certificate, Your Honor, I feel that it would be highly improper or certainly be a conflict and very likely, could be unethical for me to continue to appear in this case and for that reason, I move that I be allowed to withdraw.

The trial court thereby found:

> Based upon statements of counsel, the Court does find that its continuing appearance at the trial of this matter would put him in a position that he would be taking a position adverse to the interest of a former client in respect to the subject matter of representation of that client and the Court concurs

that such would be improper and would represent a conflict of interest, and therefore, accordingly grants the motion.

Despite the absence of prior notice, we hold that the trial court did not commit reversible error in granting the motion for withdrawal because defendant was not prejudiced thereby. Our holding is limited to the facts of this case, however, and should not be construed as allowing the notice requirement of Rule 16 to be waived where no apparent prejudice results to the client. Here, Mr. Peterson had been involved since the inception of the action as lead counsel and Mr. Moore was co-counsel. There is nothing in the record to indicate Mr. Peterson was not capable of adequately representing defendant's interests and continuing the litigation by himself. Two cases from this Court cited by defendant, *Williams and Michael, P.A. v. Kennamer*, 71 N.C.App. 215, 321 S.E.2d 514 (1984) and *Underwood v. Williams*, 69 N.C.App. 171, 316 S.E.2d 342 (1984), are not dispositive, as both of those cases resulted in a previously represented party being left without counsel when such counsel was allowed to withdraw without prior notice. *Underwood* is further distinguishable in that the trial court entered summary judgment against the party at the same time his counsel was allowed to withdraw. In the instant case, defendant has not shown herself to have been prejudiced as a result of the withdrawal.

[2] Defendant's second assignment of error asserts that, upon allowing counsel's motion to withdraw, the trial court erred in denying defendant's motion for a continuance. In *Williams and Michael, P.A. v. Kennamer* at 217, 321 S.E.2d at 516, this Court stated:

Where an attorney has given his client no prior notice of an intent to withdraw, the trial judge has no discretion. The Court must grant the party affected a reasonable continuance or deny the attorney's motion for withdrawal.

Since defendant did not receive prior notice of Mr. Moore's intent to withdraw, she argues the court erred in not granting a continuance which was clearly mandated under the circumstances of this case. She contends the recess taken by the court was not reasonable and that she was prejudiced by having to proceed with trial, especially since Mr. Moore had been the primary participant in the trial prior to his withdrawal. (Mr. Moore had made ten objections and had undertaken the sole cross-examination of four of six witnesses.)

On Tuesday afternoon after the court allowed Mr. Moore to withdraw, defendant made a motion to continue "the remaining testimony in this case until a time in the future at which Mr. and Mrs. Grabenstein may have the opportunity to assess their counsel and see whether they wish to hire additional counsel as they did with Mr. Moore." The court granted the motion "to the extent that this matter is to be continued no later than this coming Thursday morning at 9:30, in order to give the Respondents an opportunity, if they desire to do so, to hire counsel to assist Mr. Peterson and also to give Mr. Peterson an opportunity to re-examine his case in light of the potential, in light of the possibility that he will have to represent his clients alone."

However, when court commenced on Thursday morning, 26 July 1990, at 9:30, there was no mention of additional counsel by defendant, any further motion for continuance, or any other showing by defendant that Mr. Peterson was not prepared to proceed with the remainder of the trial.

In *Williams and Michael, P.A. v. Kennamer, supra,* the trial court granted the motion of defendant's counsel to withdraw and set trial for two days later. Defendant was not present for the motion and had not received prior notice of her counsel's intent to withdraw. She subsequently appeared and attempted to represent herself at trial, stating that she had not received notice of the trial or of her counsel's withdrawal until the previous day. In vacating the judgment and remanding for new trial this Court stated:

It is indisputable that defendant was prejudiced by the Court's actions. Defendant is an elderly woman and is in poor health. At trial, she had difficulty in speaking and in following the simple instructions of Judge Brown. A one or two day period was insufficient time for her to either prepare her own defense or acquire alternative representation.

*Id.* at 217, 321 S.E.2d at 516.

Defendant asserts the foregoing case as support for her position that the recess by the court was insufficient. In the case before us, however, Mr. Peterson was actively involved from the beginning, was the sole signer of the pleadings and other documents, and was defendant's only attorney of record. Under all of these circumstances we cannot conclude the recess was unreasonable

since it appears Mr. Peterson was amply suited to represent defendant's interests during the remainder of the trial. *See also Gillis v. Whitley's Discount Auto Sales, Inc.*, 70 N.C.App. 270, 319 S.E.2d 661 (1984). Since defendant was not placed in a position of having to represent herself or seek alternative representation as a result of the withdrawal, we agree with plaintiff and petitioners that the record indicates defendant was ably represented by Mr. Peterson. The trial court did not abuse its discretion by refusing to grant defendant's motion to continue the case.

[3] Defendant next asserts the trial court erred in adjudging plaintiff and petitioners to be the owners with the exclusive right to possession of the disputed real property. The primary contention of this argument is that the evidence was insufficient to support the trial court's findings and conclusions. It is well settled that the trial court's findings of fact are conclusive on appeal if there is evidence to support them, even though there may also be evidence to sustain findings to the contrary. *Williams v. Pilot Life Insurance Co.*, 288 N.C. 338, 218 S.E.2d 368 (1975). In this case defendant states in her brief that:

> The trial of this action included testimony of several surveyors as to the correct surveying methods and when a line actually changes due to physical evidence and possession evidence found on the ground, the testimony of several of the parties as to their beliefs as to their correct boundary lines and the testimony of certain predecessors in title to parties and other unrelated parties opining as to the boundary lines and the prior uses of the property.

From this testimony the trial court made findings of fact and subsequently concluded that: Plaintiff is the record owner of the property in question such that defendant and/or her agents have trespassed onto the property; petitioners have established a record marketable chain of title pursuant to G.S. 47B-2(a) to the property; petitioners and their predecessors in title have possessed the same under color of title for a period in excess of seven years preceding this action; the old wire boundary line fence was in place for more than fifty years such that the possession exercised by the respective parties on either side of it was open, notorious and continuous so as to constitute adverse possession as to the other; and petitioners are the rightful owners and title holders of the property lying to the west of the eastern boundary line of the Hideaway

Shores property. We find there was ample evidence to support the trial court's findings and conclusions and therefore do not disturb them on appeal.

Affirmed.

Judges LEWIS and WYNN concur.