### In re Douglas E. DAVIS, Sr., et ux., Debtors.

### No. 99–20782–8C3.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 2, 2001.

A. Edward Overton, Hudson, FL, for debtors.

Terry E. Smith, Bradenton, FL, Chapter 13 Standing Trustee.

*ORDER ON MOTION FOR LEAVE TO WITHDRAW AND MOTION FOR RECONSIDERATION OF ORDER DENYING WITHDRAWAL OF COUNSEL FOR THE DEBTORS*

C. TIMOTHY CORCORAN, III, Bankruptcy Judge.

This case came on for consideration of the motion for reconsideration of order denying withdrawal of counsel filed by counsel for the debtors on January 3, 2001 (Document No. 23).

The court conducted a hearing on December 20, 2000, of counsel's motion for leave to withdraw as counsel for the debtors (Document No. 18). At the hearing, the court denied the motion for the reasons stated orally and recorded in open court that the court intended to be the decision of the court. The court asked counsel to prepare and submit a proposed form of order memorializing that ruling. Counsel failed to do so. As a consequence, the court has not entered an order on the underlying motion for leave to withdraw.

Counsel has instead filed the instant motion for reconsideration. The court interprets the motion to be a motion filed pursuant to F.R.Civ.P. 59(e), which is made applicable to this bankruptcy case by F.R.B.P. 9023. Because the grounds alleged in the motion reflect that counsel did not understand the reasons the court stated for its ruling at the December 20 hearing, the court will attempt to state those reasons again.

## I.

The file reflects that the debtors, through counsel, filed this Chapter 13 bankruptcy case on December 29, 1999. Prior to the filing of the case, the debtors paid counsel a fee of $1,395 for representing them in the Chapter 13 case.

The Chapter 13 case was a simple one and progressed without contested matters or need for pre-confirmation hearings. On September 6, 2000, the court conducted a confirmation hearing. By order entered on October 5, 2000, the court confirmed the debtors' plan (Document No. 16). Under the confirmed plan, the debtors will make monthly payments to the Chapter 13 trustee for a total of 36 months. Their last payment will be due on January 15, 2003.

On November 1, 2000, counsel filed a motion for leave to withdraw as counsel for the debtors (Document No. 18). As grounds, the motion alleged:

1) That the counsel of record has fully administered all legal services that have been paid for through confirmation in this case; and,

2) That, the Debtor, Douglas E. Davis, Sr., consents to the withdrawal of A. Edward Overton as his counsel of record. (See attached Exhibit "A," signed copy of Debtor's Consent to the Withdrawal of Counsel.)

The court conducted a hearing of the motion for leave to withdraw on December 20, 2000. At the hearing, counsel for the debtors informed the court that the sole ground for seeking leave to withdraw was that the court had confirmed the case. The debtors were then to proceed without representation until they completed the payment of their plan and received a discharge or until dismissal of their case. The court understood from counsel's argument that there was nothing unique or special about this case that compelled counsel to seek leave to withdraw. Instead, it was counsel's desire, as a matter of routine and practice, to be relieved and discharged of responsibility as counsel for the debtors in all Chapter 13 cases once the cases are confirmed.

## II.

Once counsel has entered an appearance on behalf of a debtor in this court, counsel may not withdraw from the representation until granted leave to do so by the court. Our court's rules provide in L.B.R. 2091–1 that:

No attorney, having made an appearance for a creditor in a contested matter or adversary proceeding or having filed a petition on behalf of a debtor, shall thereafter abandon the case or proceeding in which the appearance was made, or withdraw as counsel for any party therein, except by written leave of Court obtained after giving ten (10) days' notice to the party or client affected thereby, and to opposing counsel.

There is nothing unusual or surprising in this. It is consistent with professional

standards and practices across the nation. See, for example, our district court's Local Rule 2.03(b), Florida Rule of Judicial Administration 2.060(j), and Florida Rule of Professional Conduct 4–1.16(c) [requiring leave of court to withdraw from representation].

■The reasons for requiring leave of court before an attorney may withdraw are simple. First, the court is interested in insuring that the client is protected and not abandoned in the matter. Second, the court is also concerned about the court's calendar and case administration. Lawyers are officers of the court with independent responsibilities to the court. Having brought a client to the court, the attorney can adversely affect the orderly administration of the court by abandoning the client to his or her own devices before the court. "[T]he court's power [to grant or deny a motion for leave to withdraw] is predicated upon the necessity of effective and orderly administration of his court." *Fisher v. State,* 248 So.2d 479, 485 (Fla. 1971).

■Florida Rule of Professional Conduct 4–1.16(b) provides that an attorney may withdraw if:

... withdrawal can be accomplished without material adverse effect on the interests of the client, or if:

(1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(2) the client has used the lawyer's services to perpetrate a crime or fraud;

(3) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;

(4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(6) other good cause for withdrawal exists.

Thus, an attorney may seek to withdraw if he can show that the withdrawal will not prejudice the client or that there is good cause, affecting the relationship between the lawyer and the client, for the withdrawal. The attorney seeking to withdraw has the burden of establishing one of these legitimate bases for withdrawal. *Sands v. Moron,* 339 So.2d 307, 307 (Fla. 3rd DCA 1976).

### III.

■ In this case, counsel did not allege any grounds specific to the case that would support withdrawal for cause. He instead sought to withdraw by his choice as a matter of routine and practice. Counsel based his motion to withdraw on two facts. First, the debtors' case had been successfully confirmed. Second, the contract between counsel and the debtors provided for representation only through confirmation. At the hearing, counsel also informed the court that withdrawing and closing the file would have a positive effect on his professional liability insurance premium.

On these facts, the court concluded that counsel failed to establish any cause affecting the relationship between attorney and client that would justify withdrawal. The court also concluded that counsel failed to establish that his withdrawal would not have a material adverse effect on the debtors. Indeed, it affirmatively appears that a withdrawal in this case could very well have a material adverse effect on the debtors.

A bankruptcy case is different from a civil or criminal case in many important respects. It is a series of discrete contested matters and adversary proceedings, each of which can impact the substantive relief afforded to the debtor. Although each bankruptcy case proceeds generally

as contemplated by the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, the case is ultimately controlled by the facts and circumstances of the individual debtor or debtors.

■ In this case, the debtors' Chapter 13 case is not yet concluded. The debtors must complete their plan as confirmed in order to obtain a discharge of their debts. During the pendency of the plan, the debtors are vulnerable to motions for relief from the automatic stay for failure to make payments on their secured obligations and motions to dismiss for failure to make payments under the plan. If any such motion is resolved in favor of the movant, the debtors may not be able to achieve the result anticipated by the filing of the bankruptcy case. Other issues also arise in confirmed Chapter 13 cases, including the need for court approval of asset sales. Counsel has a continuing obligation to his clients in these circumstances, absent a specific showing of cause that goes to the attorney-client relationship itself. Alternatively, of course, counsel may be permitted to withdraw if the debtors retain substitute counsel. *Garner v. Pearson,* 374 F.Supp. 591, 600 (M.D.Fla.1974). If counsel is permitted to withdraw after confirmation merely because that is his routine and practice, his clients are vulnerable and without representation during a crucial part of their case. In effect, counsel would be abandoning them in the middle of the representation.

■ "Whether an attorney is justified in withdrawing from a case will depend on the particular circumstances, and no all-embracing rule can be formularized." *Fisher,* 248 So.2d at 485, *quoting Smith v. Bryant,* 264 N.C. 208, 141 S.E.2d 303, 305 (1965). When the attorney seeks to withdraw merely for reasons of his economy and his convenience, as is the case here, the court is required to deny the attorney's motion to withdraw.

In the instant motion, counsel complains that the court's refusal to allow withdrawal

in these circumstances is "... inconsistent with the rulings that have been entered by other judges" in the Tampa Division of our court. That is not at all the case. At the December 20 hearing, the Chapter 13 trustee confirmed that other judges in this division do not routinely discharge debtors' counsel after Chapter 13 plans are confirmed. He also confirmed that he was aware of no attorney who sought leave to withdraw upon confirmation based solely upon the confirmation of the case.

■ Counsel further complains that the court's denial of his motion for leave to withdraw impairs his right "to enter into contracts and/or fee agreements regarding the scope of representation that the attorney will undertake for a specified fee." The court disagrees. An attorney may freely contract with his client. The terms of any such contract, however, are not binding on the court. The court has an affirmative obligation to ensure the effective and orderly administration of the court. "As between the attorney and his client the relationship may ordinarily be dissolved in good faith at any time, but before an attorney of record may be released from litigation he must satisfy the court that he is justified in withdrawing." *Fisher,* 248 So.2d at 485. In this case, counsel seeks to withdraw and leave his clients unrepresented before the case is concluded, to the detriment of both his clients and the court.

■ Finally, counsel complains that the court's refusal to allow him to withdraw forces him to provide services to the debtors for which he has not been or will not be paid. That is not at all the case. In a Chapter 13 case, the court approves the attorney's fee for services provided up to and through confirmation. *In re Howell,* 226 B.R. 279, 282 (Bankr.M.D.Fla. 1998). There is no impediment to counsel charging a reasonable fee for services provided to the debtors after confirmation, if such services are required. Nor is counsel precluded from seeking to withdraw at any time for cause provided that he can estab-

lish the factual predicate under Florida Rule of Professional Conduct 4–1.16(b).

### IV.

For the foregoing reasons, and for the reasons stated orally and recorded in open court at the December 10 hearing, the court denies the motion for leave to withdraw (Document No. 18) and the motion for reconsideration (Document No. 23).