BARCLAYS AMERICAN CORPORATION, D/B/A BARCLAYS AMERI-CAN/FINANCIAL v. CHARLES J. HOWELL, AND WIFE MARY HOWELL

No. 8619DC79

(Filed 1 July 1986)

**Rules of Civil Procedure § 60.2— relief from judgment—failure to appear—excusable neglect**

The trial court erred in denying plaintiff's Rule 60(b)(1) motion for relief from an order of dismissal and judgment on defendants' counterclaim on the ground of excusable neglect where plaintiff's counsel of record received notice that the case was scheduled for trial on 11 February; on 4 February plaintiff's counsel mailed a motion to withdraw to the court and sent a copy to plaintiff; plaintiff received no notice that the case was set for trial on 11 February, and neither plaintiff's counsel nor any other representative for plaintiff appeared for trial on 11 February; and an order allowing plaintiff's counsel to withdraw was not entered until 18 February.

APPEAL by plaintiff from *Horton, Judge.* Order entered 30 September 1985 in District Court, CABARRUS County. Heard in the Court of Appeals 16 May 1986.

*Williams, Boger, Grady, Davis & Tuttle, by M. Slate Tuttle, Jr., for plaintiff appellant.*

*Casey, Bishop, Alexander & Murphy, by Jeffrey L. Bishop, for defendant appellees.*

PHILLIPS, Judge.

This appeal is from an order denying plaintiff relief from an order dismissing plaintiff's complaint and a judgment for the defendants on their counterclaim in the amount of $3,513.11; the order and judgment were entered at or following a trial which was not attended by plaintiff's counsel of record or any other representative of plaintiff. The pertinent facts that control our decision are largely of record and are not in dispute. In February 1983 plaintiff, the assignee of a contract under which defendants agreed to buy an organ and bench from a Denver, North Carolina concern, engaged attorney Roger Lee Edwards to sue for possession of the organ and the balance of the purchase price, and this action was duly filed before the month was over. By their answer the defendants denied that they had ever received possession of the organ, counterclaimed for the amount they had paid toward its purchase and requested a jury trial on all issues. The other developments in the case before January 1985 are irrelevant to the appeal and need not be stated.

During the first week of January 1985 Mr. Edwards received a copy of a trial calendar showing that the case was scheduled to be tried on 11 February 1985. On 4 February 1985 he mailed a motion to withdraw from the case to the court and sent a copy to the plaintiff, who received it either the next day or the day after. The motion was not accompanied by a notice as to when it would be heard and the record does not show that it was ever calendared for hearing. Later, in testifying for the defendants on plaintiff's motion Mr. Edwards could not say whether he notified plaintiff that the case was scheduled to be tried on February 11 and had no letter or other writing indicating that he did; but he did say that "[s]ubsequent to July, 1983, he had no communications with Barclays concerning the case" and that after his motion to withdraw was mailed the next contact he had with the plaintiff was several months later when its representative obtained the file from him. On the other hand affidavits by plaintiff's manager and cashier were to the positive effect that no notice or information about the case being tried was received. On 11 February 1985 when the case was called for trial neither Mr. Edwards nor any other representative of plaintiff appeared in court and an order dismissing plaintiff's case without prejudice was entered; and after defendants waived a jury trial and presented their

evidence the court entered judgment for them on their counter-claim. On 18 February 1985 the court heard Mr. Edwards' motion to withdraw and entered an order that day permitting him to withdraw from the case. The next information plaintiff received about the case was three months later when the Cabarrus County Sheriff, with an order of execution in hand, demanded payment of defendants' judgment. Plaintiff then obtained its file from Mr. Edwards and engaged its present counsel, who learned of the developments that had occurred and filed a motion for relief from the order of dismissal and the judgment on defendants' counterclaim on the grounds of excusable neglect, as authorized by Rule 60(b)(1), N.C. Rules of Civil Procedure.

Following a hearing on plaintiff's motion, in addition to finding facts somewhat as above stated though it was not found whether or not plaintiff was notified of the trial date, the court found that whether plaintiff knew about the trial or not was immaterial because ordinary prudence required that it promptly contact Mr. Edwards after receiving his motion to withdraw and ascertain the status of the case, and that if it had done so it would have learned that the trial was scheduled. The court also found that one of plaintiff's employees would testify that the defendant Mary Howell personally acknowledged to her that the defendants had received possession of the organ and that they were well pleased with it. From the facts as found the court made the following conclusions of law and denied the motion:

> 1. Plaintiff has not shown that its failure to attend the February 11, 1985 trial was the result of excusable neglect. . . . [I]ts failure to make such inquiry upon receipt of its counsel's motion to withdraw on February 5 or 6, 1985, demonstrates that plaintiff failed to give its pending action that attention which a man of ordinary prudence usually gives to his important business.

> 2. Because plaintiff failed to attend to its pending action with the requisite decree [sic] of care, the neglect of its attorney, if any, is imputable to plaintiff.

> 3. In addition to its failure to demonstrate that the judgment was entered as the result of excusable neglect, plaintiff has also failed to make a sufficient showing of a meritorious defense to warrant relief under Rule 60.

In our opinion the foregoing conclusions of law, as well as the mixed finding and conclusion that plaintiff through the exercise of ordinary prudence should have learned about the pending trial, are clearly erroneous. Furthermore, even if plaintiff had contacted Mr. Edwards after receiving his motion to withdraw and had learned that the trial was imminent it does not follow, as the court apparently assumed, that it could have gone forward with the trial in an effective manner. It is common knowledge among litigants and lawyers alike that a litigant who has a lawyer usually cannot get another one, and is not expected to do so, until the first lawyer is out of the case; and plaintiff's counsel of record, who was unwilling to try the case and had so advised the court, was not out of it until a week after the trial was over. Also it is fundamental that a lawyer has the duty to timely inform his client about trial schedules and other developments important to the litigation and that his duty to protect his client in a pending case does not terminate upon filing a motion to withdraw, but continues until he is relieved either by agreement or the court. Under the circumstances recorded Edwards had a clear duty to protect plaintiff and the status quo by appearing at the scheduled trial which he knew about and obtaining a continuance, which plaintiff was obviously entitled to since Edwards, though still in it, was unwilling to try the case and plaintiff had had no opportunity whatever to engage substitute counsel. The failures of counsel referred to are not attributable to plaintiff for nothing in the record suggests that it had any reason to suppose that a trial was scheduled, or that Mr. Edwards had waited until its eve before filing his motion to withdraw, or that its case would be disposed of without notice to it while Edwards, who had recorded his inability to go forward with it, was still in the case. When counsel engaged for a case declines to go forward with it the litigant is entitled both to reasonable notice of that fact and a reasonable opportunity to obtain substitute counsel. *Gosnell v. Hilliard*, 205 N.C. 297, 171 S.E. 52 (1933). In this case the record plainly shows that this plaintiff had neither and that its failure to attend the trial of the case was excusable as a matter of law.

And contrary to the court's conclusion the plaintiff did make a sufficient showing that it also has a meritorious case. The contract of purchase, in which defendants admitted that the merchandise involved had been received, was before the court; as was

defendants' account with plaintiff, which showed that monthly payments were made on the contract for a long period. These documents along with the affidavit of plaintiff's employee that defendant Mary Howell acknowledged receiving and being satisfied with the merchandise is evidence enough to warrant a jury finding that the defendants are indebted to the plaintiff, as alleged.

The order denying plaintiff relief from the order of dismissal and judgment is reversed; the order of dismissal, the judgment and the order incident to it taxing plaintiff with defendants' attorney fees are all vacated; and the matter is returned to the District Court for a trial *de novo* both on plaintiff's complaint and defendants' counterclaim.

Reversed; vacated and remanded.

Judges MARTIN and PARKER concur.