MILDRED MINTZ BENTON AND HUSBAND, WILLIAM E. BENTON v. JOSEPH H. MINTZ

No. 8913SC488

(Filed 20 March 1990)

1. **Attorneys at Law § 6 (NCI3d)— withdrawal of attorney from case proper**

    The trial court did not err in permitting an attorney to withdraw as counsel for defendant since dissolution of the attorney/client relationship as well as defendant's reputed unwillingness to pay surveyors hired pursuant to litigation preparation constituted justifiable cause for the attorney's withdrawal; the attorney provided reasonable notice to his client by filing a motion to withdraw some five months prior to trial, which motion defendant received; the attorney filed with the superior court and sent to defendant notice of the hearing to determine the "Motion to Withdraw" about three weeks prior to the hearing; and the trial court granted the attorney's motion for withdrawal and ordered said withdrawal.

    **Am Jur 2d, Attorneys at Law §§ 173, 174, 175.**

2. **Trial § 3.2 (NCI3d)— withdrawal of defendant's counsel—immediate trial—denial of continuance improper**

    The trial court erred in failing to grant defendant a continuance after having allowed withdrawal of defendant's counsel where defendant repeatedly told the court that he did not know trial was to commence on the day of the special proceeding to allow counsel to withdraw; the record tended to verify defendant's claim of lack of knowledge; defendant's ex-lawyer verified that he had likely misled his client as to the nature of the proceedings on the day in question; the record contained no indication that defendant knew or should have known of the trial; shortly after learning of his counsel's desire to withdraw, defendant filed with the superior court clerk a request to be personally informed should his case be sched-

uled on a court calendar; defendant informed the trial court that he would have difficulty procuring his witnesses on such short notice; defendant requested that the trial be delayed for a day or one week to allow him to gather witnesses; defendant's ex-lawyer told the court that the case should be continued; defendant was prejudiced by having to proceed to an immediate trial without counsel; and nothing in the record indicated that movant sought to delay or evade trial.

**Am Jur 2d, Continuance §§ 7, 13.**

APPEAL by defendant from judgment entered 6 October 1988 by *Judge I. Beverly Lake, Jr.* in BRUNSWICK County Superior Court. Heard in the Court of Appeals 4 December 1989.

*Frink, Foy, Gainey & Yount, P.A., by Stephen B. Yount, for plaintiff-appellees.*

*Shipman & Lea, by Gary K. Shipman, for defendant-appellant.*

GREENE, Judge.

This non-jury civil action arises from a complicated boundary dispute. The trial court entered judgment for the plaintiffs, and the defendant appeals.

The plaintiffs instituted this action on 20 December 1983. On 21 January 1987 Bruce H. Robinson entered an appearance on the defendant's behalf. On 8 April 1988 Mr. Robinson filed a "Motion to Withdraw" from representation of the defendant. On 17 May 1988 the defendant filed with the Clerk of Superior Court of Brunswick County a handwritten document entitled "Rejection of Motion to Withdraw of Defendant's Attorney Name Bruce H. Robinson." On the same day, the defendant filed with the Clerk a letter asking the Clerk to inform the defendant personally of the date for which trial of the civil action 83CVD648 would be scheduled. On 6 September 1988 the calendar scheduling the trial for 3 October 1988 was issued. On 9 September 1988 Mr. Robinson filed and sent to defendant a Notice of Hearing which read as follows:

PLEASE TAKE NOTICE that the undersigned will bring the above entitled matter for hearing before the District Court [sic] in Brunswick County, Bolivia, North Carolina, on the 3rd day of October, 1988, at 10 A.M. or as soon thereafter as counsel may be heard, *for the purpose of determining whether*

*Bruce H. Robinson, Jr. will be permitted to withdraw as counsel* for defendant in the above captioned case. [Emphasis added.]

On 30 September 1988 the defendant filed with the Clerk of Superior Court a copy of a letter sent by defendant to Mr. Robinson on 29 September 1988. That letter read in part:

When I received the notice of the hearing for October 3, 1988 from you to attend District Court I had upon receiving such no true call or need to be there and document didn't call for me to attend any other court at that time set date, Oct. 3, 1988. I have business commitments that were made that must be fullfilled for two weeks on or mabe [sic] a little longer.

Sir if you want another type court you' should schedule for another session of that court later on, then you can say your wishes.

On 3 October 1988 a hearing was conducted to rule on Mr. Robinson's "Motion to Withdraw." At the beginning of this proceeding, the defendant announced "I'm representing myself." Upon the court's questioning as to whether the defendant was releasing his lawyer, Mr. Mintz replied "Not until he's been checked out with what evidence I've got, and I want it done by the Grand Jury." The defendant later stated that Mr. Robinson "shouldn't get out of the case until I find more on him, what he has done to me in this case." The defendant continued, stating "he [Mr. Robinson] shouldn't get out without me getting my money back."

Mr. Robinson asked to be excused from representing the defendant because no "valid attorney/client relationship" existed. He further stated that he had to withdraw because the defendant refused to pay a surveyor, who was hired by Mr. Robinson to prepare for the litigation.

The trial court found "that the relationship of attorney and client is no longer possible between Mr. Robinson and the Defendant; that the Defendant has no confidence in the representation of Mr. Robinson and has, in fact asked the Court to have Mr. Robinson and various surveyors investigated by the Grand Jury." The trial court concluded "that there can be no attorney/client relationship between Mr. Robinson and the defendant." Therefore the trial court allowed Mr. Robinson's Motion for Withdrawal and ordered him removed as counsel for the defendant.

During the special proceeding, the trial court, after announcing that it was inclined to grant Mr. Robinson's "Motion to Withdraw," stated that the case was thus ready for trial. The defendant responded that he needed to gather his witnesses. The defendant stated "I understood this case wasn't going to be tried, but just for my lawyer to get out." After further discussion, the court stated that "the case is not going to be continued." The defendant responded "Judge, Your Honor, is there anyway I can get it [the trial] tomorrow, so I can pick up my witnesses? I thought he [Mr. Robinson] was just going to sign out. I had no indication it was going to be tried." The trial court refused to continue the case even though Mr. Robinson verified that he had probably put his ex-client under the impression that only the motion to withdraw would be heard that day. Upon the trial court's insistence that the trial commence that afternoon, Mr. Mintz stated "Well, one of my witnesses is in the rest home at Wrightsville Beach. I need to get some kind of papers fixed on him." The defendant again asked to delay the trial, but the trial court refused.

The trial commenced that afternoon with the defendant representing himself, and Mr. Steven Yount, Esquire, representing the plaintiffs. At trial, complicated legal issues arose concerning technical evidentiary rules, *res judicata* and civil procedure. The trial court entered judgment against the defendant.

---

The issues presented are: I) whether the trial court abused its discretion in granting Mr. Robinson's motion to withdraw; and II) whether the trial court erred in failing to grant the defendant's motion for a continuance.

I

[1]   The defendant argues that the trial court abused its discretion in allowing Mr. Robinson to withdraw as counsel on the day of trial. Withdrawal of appearance by an attorney is governed by Superior Court Rule 16 which states in pertinent part:

> No attorney who has entered an appearance in any civil action shall withdraw his appearance, or have it stricken from the record, except on order of the court. Once a client has employed an attorney who has entered a formal appearance, the attorney may not withdraw or abandon the case without (1) justifiable cause, (2) reasonable notice to the client, and (3) the permission of the court.

The record shows that Mr. Robinson had entered a formal appearance; thus, we must determine whether the three-part test of Rule 16 has been met.

The determination of counsel's motion to withdraw is within the discretion of the trial court, and thus we can reverse the trial court's decision only for abuse of discretion. *See Brown v. Rowe Chevrolet-Buick, Inc.*, 86 N.C. App. 222, 357 S.E.2d 181 (1987) (court lacks discretion and must grant continuance where attorney has given *no* prior notice of withdrawal). The defendant apparently does not dispute on appeal that Mr. Robinson presented to the court evidence of a justifiable cause for his withdrawal. Nonetheless we note that the dissolution of the attorney/client relationship as well as the defendant's reputed unwillingness to pay surveyors hired pursuant to litigation preparation, constitute justifiable cause for Mr. Robinson's withdrawal. We have no hesitation in so concluding since the record shows the defendant apparently did not actually want Mr. Robinson to continue representing him. Rather the defendant's statements to the court indicated the defendant wanted Mr. Robinson to remain part of the action to allow the court or a "Grand Jury" to investigate some alleged misdealings of Mr. Robinson toward the defendant. Mr. Robinson also provided reasonable notice to his client by filing a motion to withdraw some five months prior to trial which motion the defendant received. Mr. Robinson filed with the superior court and sent to the defendant notice of the hearing to determine the "Motion to Withdraw" about three weeks prior to the hearing. Lastly, the trial court granted Mr. Robinson's motion for withdrawal and ordered said withdrawal. We find that Mr. Robinson completely complied with the requirements of Superior Court Rule 16 in withdrawing from representation of the defendant. The trial court did not err in permitting Mr. Robinson to withdraw as counsel for defendant.

II

[2] The defendant next argues that the trial court erred in failing to grant the defendant a continuance after having allowed withdrawal of defendant's counsel. "No continuance shall be granted except upon application to the court. A continuance may be granted only for good cause shown and upon such terms and conditions as justice may require." N.C.G.S. § 1A-1, Rule 40(b) (1983). "[A]n attorney's withdrawal on the eve of the trial of a civil case is not *ipso facto* grounds for a continuance." *Shankle v. Shankle*, 289 N.C. 473, 484,

223 S.E.2d 380, 387 (1976). "[T]he decision whether to grant a continuance because the moving party's attorney has withdrawn from the case on the day of trial rests in the trial judge's discretion, to be exercised after he has determined from the facts and circumstances of a particular case whether immediate trial or continuance will best serve the ends of justice." 289 N.C. at 485, 223 S.E.2d at 387.

An unrepresented party's failure to formally request a continuance does not preclude review of this issue. *Underwood v. Williams*, 69 N.C. App. 171, 174, 316 S.E.2d 342, 344 (1984). The defendant here repeatedly told the court that he did not know trial was to commence on the day of the special proceeding. The record tends to verify defendant's claim of lack of knowledge. In Mr. Robinson's 9 September 1988 Notice of Hearing, Mr. Robinson notified the defendant that the hearing of 3 October 1988 would be "for the purpose of determining whether Bruce H. Robinson, Jr. will be permitted to withdraw. . . ." This notice fails to mention that trial was also scheduled for that date. The defendant's 30 September letter makes evident the defendant's lack of knowledge that the case was scheduled for trial.

During the special proceeding Mr. Robinson verified that he had likely misled his client as to the nature of the 3 October proceedings. The record contains no indication that the defendant knew or should have known of the trial. Furthermore, the defendant made a notable layman's attempt to keep informed as of the trial date. On 17 May 1988, shortly after learning of his counsel's desire to withdraw, the defendant filed with the superior court clerk a request to be personally informed should his case be scheduled on a court calendar. Under these circumstances, the counsel's apparent failure to inform the defendant of the pending trial should not be attributable to the defendant. *See Barclays American Corp. v. Howell*, 81 N.C. App. 654, 657, 345 S.E.2d 228, 230 (1986).

Furthermore, the defendant informed the trial court that he would have difficulty procuring his witnesses on such short notice. The defendant requested the trial court to put off the trial until the next day or the next week to allow him to gather witnesses. In addition, Mr. Robinson told the court that the case should be continued. However, the court ordered the defendant to proceed that afternoon with trial of very complicated issues regardless of whether the defendant had counsel or witnesses.

"A fundamental element of due process is adequate and reasonable notice appropriate to the nature of the hearing. Such notice involves a reasonable time for preparation." *Lowe v. City of Arlington*, 453 S.W.2d 379, 382 (Tex. Civ. App. 1970); *see McMillan v. Robeson County*, 262 N.C. 413, 137 S.E.2d 105 (1964). The few hours of notice the defendant here had were clearly insufficient for adequate preparation. *See Williams and Michael, P.A. v. Kennamer*, 71 N.C. App. 215, 217, 321 S.E.2d 514, 516 (1984) (one or two day period insufficient for party to either prepare case or acquire alternative representation). A review of the record indicates complicated legal issues were involved. Given the complex issues at trial, indisputably the defendant was prejudiced by having to proceed to an immediate trial without counsel. "It is quite apparent that the trial of this case is beyond the capability of laymen and without counsel [defendant] will be lost." *See Shankle*, 289 N.C. App. at 486, 223 S.E.2d at 388.

We also note that reversal of the trial court's refusal to grant a continuance "is especially warranted when nothing in the case indicates that the movant's purpose for the motion is to delay or evade trial." *Mills v. Mills*, 348 S.E.2d 250, 252 (Va. 1986). Because nothing in the record here indicates the movant sought to delay or evade trial, and because the movant did not know trial was scheduled and because the movant's ability to produce witnesses and prove its case was prejudiced thereby, we must grant a new trial.

New trial.

Judges HEDRICK and PHILLIPS concur.