IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-1212

 Filed: 3 December 2019

Orange County, No. 16 CVD 73

CHERYL JERNIGAN WICKER, Plaintiff,

 v.

GILLES ANDRE WICKER, Defendant.

 Appeal by defendant’s counsel from order entered 26 June 2018 by Judge

Joseph Buckner in Orange County District Court. Heard in the Court of Appeals 10

September 2019.

 Collins Family Law Group, by Rebecca K. Watts, for appellant Melissa Averett.

 The Jernigan Law Firm, by Leonard T. Jernigan, Jr., and Epting & Hackney,
 by Joe Hackney, for plaintiff-appellee.

 DIETZ, Judge.

 After a successful mediation, the trial court in this family law dispute entered

a consent order that, among other things, required Defendant regularly to provide

certain financial information to the Plaintiff, and required the parties to

communicate with each other solely through their attorneys or agents.

 Defendant’s counsel, Melissa Averett, later sought to withdraw on the ground

that her representation of Defendant had ended and that she and her client had not

agreed on new terms of engagement. Plaintiff opposed the motion, primarily on the
 WICKER V. WICKER

 Opinion of the Court

basis that Defendant lived in many locations—some overseas—throughout the year

and that Defendant would be difficult to locate if Averett withdrew.

 The trial court entered an order denying Averett’s motion to withdraw “at this

time” but stated in the order that the court would allow the motion if Defendant

retained a new attorney, appointed a registered agent for service of process, or posted

a security bond.

 We reverse that order. As explained below, the record on appeal does not

contain any evidence that would support these conditions—all of which appear aimed

at Defendant’s future noncompliance with the consent order. The trial court properly

could require Defendant to identify a suitable attorney or agent for communication

when Averett withdraws, as that is necessary to effectuate portions of the consent

order. Likewise, with appropriate evidence, the trial court could impose additional

conditions on Defendant, like those in the challenged order, to prevent Defendant

from evading his obligations under the consent order. But the record before us does

not contain that evidence.

 We therefore reverse the court’s order and remand for entry of an order

permitting Averett to withdraw. We leave it to the trial court’s sound discretion on

remand whether to conduct further proceedings or enter any additional orders to

ensure Defendant’s compliance with the consent order.

 -2-
 WICKER V. WICKER

 Opinion of the Court

 Facts and Procedural History

 Plaintiff and Defendant divorced in 2006. In 2016, Plaintiff filed a complaint

alleging that Defendant was in breach of a property separation agreement that the

couple entered into before their divorce. That contract dispute largely involved two

businesses in which Defendant is a stakeholder and from which Defendant derives

significant disbursements of some kind. Defendant retained Melissa Averett to

represent him in the North Carolina proceeding.

 The parties mediated their contract dispute and reached a settlement. On 31

October 2017, the trial court entered a consent order, resolving all claims between

the parties. Among other things, the order requires Defendant to execute

authorization to allow the businesses in which he is a stakeholder to send his future

distributions to a CPA and to authorize the CPA to remit portions of those

distributions to Plaintiff. It also requires Defendant to provide certain financial

reporting information about the businesses to Plaintiff. Finally, the order provides

that the parties cannot communicate directly and instead must communicate through

their attorneys or designated agents.

 Six months later, Averett filed a motion to withdraw as Defendant’s counsel.

Plaintiff opposed Averett’s motion. Plaintiff asserted that Averett needed to remain

as counsel of record because Defendant was not a resident of North Carolina and lives

in various locations throughout the year, both in the United States and overseas.

 -3-
 WICKER V. WICKER

 Opinion of the Court

Thus, Plaintiff asserted, if Defendant violated the consent order, “service under Rules

4 and 5 of the Rules of Civil Procedure . . . may become effectively impossible.”

Plaintiff also asserted that the consent order requires the parties to communicate

through attorneys or agents and, other than Averett, Defendant had no attorney or

agent through whom Plaintiff could communicate.

 After a non-evidentiary hearing, the trial court entered a written order denying

Averett’s motion to withdraw “at this time.” The order stated that Averett’s motion

would be allowed if Defendant retained another attorney, designated a registered

agent for service of process, or posted a surety bond. Averett appealed the trial court’s

order.

 Analysis

 Averett argues that the trial court abused its discretion by denying her motion

to withdraw as counsel. Because the trial court’s order imposes conditions on

Averett’s withdrawal that are unsupported either by findings or by the record on

appeal, we reverse the court’s order.

 “The determination of counsel’s motion to withdraw is within the discretion of

the trial court, and thus we can reverse the trial court’s decision only for abuse of

discretion.” Benton v. Mintz, 97 N.C. App. 583, 587, 389 S.E.2d 410, 412 (1990). “An

attorney may withdraw from an action after making an appearance if there is (1)

justifiable cause, (2) reasonable notice to his clients, and (3) permission of the court.”

 -4-
 WICKER V. WICKER

 Opinion of the Court

Lamb v. Groce, 95 N.C. App. 220, 221, 382 S.E.2d 234, 235 (1989). “Whether an

attorney is justified in withdrawing from a case will depend upon the particular

circumstances, and no all-embracing rule can be formularized.” Smith v. Bryant, 264

N.C. 208, 211, 141 S.E.2d 303, 305 (1965).

 Here, many of the typical reasons justifying withdrawal are present. Both

Averett and her client want to end the representation. There is no evidence that

Averett’s withdrawal would prejudice her client in any way. Likewise, there is no

ongoing litigation or work to be done before the trial court in this case. The parties

settled their dispute and the court entered a consent order. All that remains is

ongoing compliance with that order, whose terms continue indefinitely. And there is

no evidence that Averett’s client has failed to comply with that consent order or that

future litigation concerning the order is imminent.

 In short, this was not a case where withdrawal could prejudice the client, delay

ongoing proceedings, or disrupt the orderly administration of justice. Benton, 97 N.C.

App. at 587, 389 S.E.2d at 413. Instead, Plaintiff opposed Averett’s motion to

withdraw on the ground that Defendant lives in several homes throughout the year

in locations around the world, making his location at any given time difficult to

ascertain. Plaintiff also pointed to an earlier agreement between the parties that

prohibits them from speaking directly and requires them to communicate through

attorneys or agents.

 -5-
 WICKER V. WICKER

 Opinion of the Court

 Based on these arguments, the trial court entered an order providing that

Averett’s motion to withdraw is “denied at this time.” The order then states that

Averett’s motion “shall be reconsidered and allowed” if one of three conditions is met:

 Provided, such Motion shall be reconsidered and allowed if
 one of the following conditions is met:

 1. A general appearance is made in the action by substitute
 counsel for Defendant, an attorney licensed to practice law
 in North Carolina

 2. A registered agent for Defendant submits a properly
 executed registration with the North Carolina Secretary of
 State.

 3. A surety bond, satisfactory to the Court, is executed and
 placed in the custody of an agreed upon fiduciary.

 We are mindful that trial courts should be given broad discretion to assess

whether withdrawal is appropriate. Benton, 97 N.C. App. at 587, 389 S.E.2d at 412.

But here, the trial court’s conditions put Averett and her client in an unjust position.

Nothing in the record on appeal indicates that Defendant’s compliance with the

consent order requires the ongoing assistance of legal counsel. Moreover, nothing in

the record indicates that Defendant likely will not comply with the terms of the

agreement.

 Nevertheless, the terms of withdrawal imposed by the court are directed at

future noncompliance. They require Defendant to either retain a new attorney, retain

a registered agent for service of process, or post a security bond. All of these conditions

 -6-
 WICKER V. WICKER

 Opinion of the Court

are designed to assist Plaintiff in the event that Defendant violates the terms of the

order and further court proceedings are necessary. Yet we find no evidence in the

record on appeal that indicates a likelihood that Defendant will violate the court’s

order. As a result, the court’s order forces both Defendant and Averett to continue in

a legal representation neither wants, or forces Defendant to take actions that, so long

as he complies with the order, are both costly and entirely unnecessary. Thus, on the

record before this Court, the conditions imposed in the trial court’s order are

unsupported by evidence, would impose an unfair burden on Defendant in order for

Averett to withdraw, and are thus outside the court’s discretion.

 Our holding should not be read as a requirement that trial courts must conduct

an evidentiary hearing, or make any specific fact findings, when ruling on a motion

to withdraw. The challenged order is atypical—it conditioned withdrawal that both

the attorney and client desired, in a case without any ongoing court proceedings, on

the client taking steps to assist the opposing party in the event of a future violation

of a final court order. To support the sort of conditions imposed in this order, the trial

court’s discretionary decision must be based on “facts disclosed by the record.” Smith,

264 N.C. at 211, 141 S.E.2d at 306.

 To be sure, there is a portion of the court’s consent order that is complicated

by Averett’s proposed withdrawal. The consent order prohibits the parties from

communicating directly and requires them to communicate with each other through

 -7-
 WICKER V. WICKER

 Opinion of the Court

attorneys or agents. Moreover, the order requires the parties to regularly

communicate—specifically, Defendant must provide Plaintiff with financial reports

on businesses in which he is a stakeholder. Thus, the trial court properly could

require, in connection with Averett’s withdrawal, that Defendant identify an attorney

or agent through which the parties can communicate.

 But the trial court’s order denying Averett’s motion to withdraw does not do

so. As explained above, it is aimed at remedies for future noncompliance and resulting

court proceedings. It requires Defendant to either retain another attorney, retain a

registered agent for service of process, or post a security bond. None of these steps is

necessary to comply with the consent order. That consent order, to which both parties

assented, could have required Defendant always to retain a licensed North Carolina

attorney; it did not. It permits Defendant to designate an agent through whom

Plaintiff may communicate, and that agent need not reside in North Carolina. Thus,

although the trial court would be well within its sound discretion to order Defendant

to identify an attorney or agent for communication upon Averett’s withdrawal, the

challenged order does not do so.

 We therefore reverse the trial court’s order and remand with instructions to

allow Averett’s motion to withdraw. But we note that, although we find no evidence

in the record on appeal concerning Defendant’s likelihood of noncompliance with the

consent order, there are unverified allegations from Plaintiff that Defendant willfully

 -8-
 WICKER V. WICKER

 Opinion of the Court

and deliberately violated past orders and may seek to use corporate laws or rules of

another state as a basis to refuse to comply in the future.

 Our holding does not prevent the trial court, in the court’s discretion, from

conducting further proceedings or entering additional orders to ensure compliance

with the consent order. This could include an order requiring Defendant to identify

an attorney or agent for communications under the consent order and, with

appropriate evidence, an order requiring Defendant to take other actions that would

prevent him from evading the terms of the consent order. We hold only that, on the

record before us, there was justifiable cause to permit Averett’s withdrawal and

insufficient evidence to support the conditions imposed on that withdrawal in the

challenged order. We therefore reverse the trial court’s order and remand for entry of

an order allowing Melissa Averett to withdraw as counsel.

 Conclusion

 We reverse the trial court’s order and remand for further proceedings.

 REVERSED AND REMANDED.

 Judges MURPHY and COLLINS concur.

 -9-